IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-51026
Summary Calendar

DOROTHY THOMAS

Plaintiff-Appellant

V.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-72

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

The Commissioner of Social Security denied Dorothy Thomas' claim for Disability Insurance Benefits (DIB). Thomas appeals the district court's affirmance of that decision. As discussed infra, the benefits denial is supported by substantial evidence and is in accordance with the law.

Thomas filed an application for DIB under Title II of the Social Security Act on 17 July 1995, claiming a 1992 work-related injury, resulting in knee

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

problems, high blood pressure, and diabetes, rendered her unable to work. Upon her claim's being initially denied, Thomas requested a hearing before an Administrative Law Judge (ALJ). Benefits were denied by the ALJ, but the Appeals Council remanded the case for further proceedings. On remand, benefits were again denied; the Appeals Council denied review.

Thomas sued in district court. The Office of General Counsel (OGC) for the Social Security Administration requested the Appeals Council accept voluntary remand because of legal deficiencies with the administrative decision. The Appeals Council consented, and the district court remanded the case.

After a third hearing, the ALJ concluded Thomas was not disabled at any time through 30 June 1999 (the date she was last insured for DIB). In December 2005, the Appeals Council denied review. As a result, Thomas filed this action in district court, which affirmed the Commissioner's decision.

That decision is reviewed "only to ascertain whether (1) [it] is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence". Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion", Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted); it must be "more than a scintilla, but less than a preponderance". Johnson v. Bowen, 864 F.2d 340, 343 (5th Cir. 1988).

The Commissioner applies the well-known five-step sequential evaluation process to determine disability. 20 C.F.R. § 404.1520(b)-(f); see, e.g., Crowley v. Apfel, 197 F.3d 194, 198 (5th Cir. 1999). The plaintiff must establish the first four steps before the burden shifts to the Commissioner, at step five, to show there is other gainful employment in one or more occupations that the claimant is capable of performing in spite of her existing impairments. E.g., Carey v. Apfel, 230 F.3d 131, 135 (5th Cir. 2000) (citation omitted). If the Commissioner

meets this burden, the plaintiff must prove she cannot perform the alternate work.  Id. (citations omitted).

The ALJ found Thomas met her burden to prove disability under the first four steps.  The ALJ determined the claim failed, however, at the fifth step, requiring the claimant be unable to perform any other gainful and substantial work, because "[Thomas] could have lifted 10 pounds frequently and 20 pounds occasionally and alternated sitting and standing at will throughout an 8 hour workday".  Based on this residual functional capacity (RFC), the ALJ determined Thomas could have worked at positions not requiring movement beyond that mentioned above.

As an initial matter, Thomas' reliance on the OGC's March 2004 request for voluntary remand, in support of this appeal, is misplaced.  That request was not the final decision of the Commissioner, and, as a result, is not the subject of this appeal.  See 20 C.F.R. §404.983.  Accordingly, only the Commissioner's June 2005 final decision is reviewed.  With regard to that denial of benefits, Thomas asserts:  the ALJ applied improper legal standards; and his determination is not supported by substantial evidence.

Essentially for the reasons stated by the district court, the ALJ's finding Thomas retained the RFC capable of light work and, as a result, can perform other jobs in the national economy, was reached using the proper legal standards and is supported by substantial evidence.

As noted by the ALJ, the opinion of Thomas' treating physician, Dr. Mark Riley, regarding Thomas' work capability was vague and subject to interpretation.  Assuming, arguendo, his records clearly establish Thomas was confined to sedentary work, an ALJ has the sole responsibility for determining a claimant's disability status, and is "free to reject the opinion of any physician when the evidence supports a contrary conclusion".  See Newton, 209 F.3d at 455 (citation and internal quotation marks omitted).  The ALJ may decline to give

a treating physician's medical opinion controlling weight if the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2).

The record establishes Dr. Riley's medical opinion was inconsistent in its use of the terms "sedentary" and "light" exertional levels. Additionally, the medical examinations conducted by Dr. Riley failed to provide a basis for changing Thomas' functional recommendations from light to sedentary. As a result of these inconsistencies, the ALJ was within his discretion to discount Dr. Riley's records as being internally inconsistent and inconsistent with the overall record. See Myers v. Apfel, 238 F.3d 617, 621 (5th Cir. 2001). Indeed, the record contains substantial evidence that Thomas could perform light work. Both Drs. Wiley and Healey concluded Dr. Riley's opinion was unsupported by objective medical evidence.

Substantial evidence also supports the ALJ's determining other work exists in the national economy that Thomas can perform. It is well-settled, and Thomas does not contest, that an ALJ may rely on the testimony of a vocational expert in determining a claimant can perform other work. E.g., Boyd v. Apfel, 239 F.3d 698, 706-07 (5th Cir. 2001) (requiring vocational expert consider all of claimant's disabilities). In making this determination, the ALJ relied on a vocational expert's testimony that Thomas' RFC qualified her for work as, inter alia, a cardiac monitor technician, an ECG technician, or an orientation and mobility trainer. Thomas does not contend the vocational expert's opinion failed to take into consideration any of her disabilities. The ALJ found all of these jobs existed in significant number in the national economy.

Finally, contrary to Thomas' assertion, the ALJ is not required to determine whether Thomas could actually obtain and maintain employment. See Tigner v. Gardner, 356 F.2d 647, 651 (5th Cir. 1966) (no duty to find out

4

whether there is actually such a job open for claimant); Frank v. Barnhart, 326 F.3d 618, 621 (5th Cir. 2003) (no separate finding of ability to sustain work needed where claimant does not allege a difference between ability to work and ability to sustain work).

AFFIRMED.